IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS ROGERS,<br><br>             Plaintiff,<br><br>   v.<br><br>A. TUCKER, et al.,<br><br>             Defendants<br>_____ | No. C 05-2121 MMC (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR INDICATE THAT SUCH MOTION IS NOT WARRANTED** |

Plaintiff, proceeding pro se and currently incarcerated at Salinas Valley State Prison ("SVSP"), filed the above-titled civil rights action under 42 U.S.C. § 1983 against numerous SVSP officials. In a separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.   Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

    1. Administrative Appeals

Plaintiff claims that in 2001, various SVSP officials coerced him into withdrawing an administrative grievance he had filed regarding conditions at SVSP. There is no constitutional right to a prison administrative appeal or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); accord Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (noting, without criticism, that Nebraska system contained no provision for administrative review of disciplinary decisions). As plaintiff has no constitutional right to file grievances in the first instance, defendants' alleged actions in coercing him into withdrawing his grievance does not rise to the level of a constitutional violation. Accordingly, relief may not be granted under § 1983 on plaintiff's claim that his constitutional rights were violated by his withdrawal of his administrative grievance in 2001.

    2. Retaliation

Plaintiff claims that in 2004 and 2005, various SVSP employees retaliated against him for his filing administrative grievances. Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

2

1 not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559,

2 567-68 (9th Cir. 2005). Accordingly, a prisoner suing prison officials under § 1983 for

3 retaliation must allege that he was retaliated against for exercising his constitutional rights and

4 that the retaliatory action did not advance legitimate penological goals, such as preserving

5 institutional order and discipline. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). The

6 prisoner also must allege that the defendants' actions caused him some injury. Resnick v.

7 Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

8 Here, plaintiff claims that in retaliation for his having filed administrative grievances

9 against defendant Captain Zavala ("Zavala"), Zavala conspired with several other defendants,

10 specifically Captain Moore ("Moore"), Chief Deputy Warden L Scribner ("Scribner") and

11 Warden M. Evans ("Evans"), to impose restrictions on plaintiff, which restrictions, in turn,

12 prevented plaintiff from properly performing his prison job assignment with SVSP's Men's

13 Advisory Counsel ("MAC"). Plaintiff alleges that as a consequence of these restrictions,

14 Zavala, Moore and another defendant, J. Carrasco ("Carrasco"), denied plaintiff full monthly

15 pay for his job.

16 Plaintiff also claims that defendants Sergeant K. Traynham ("Traynham") and Lieutenant

17 R. Dubsky ("Dubsky"), Correctional Counselor F. Winn ("Winn"), Captain W. Wilson

18 ("Wilson"), and Associate Warden A. Tucker ("Tucker") caused plaintiff to be disciplined on

19 false charges, which discipline included the loss of time credits and the loss of his position

20 with the MAC, in retaliation for plaintiff's complaints to Traynham's supervisors about

21 Traynham. Plaintiff alleges that defendant Evans knew of and approved of this action.

22 Plaintiff also claims that Tucker and defendant T. Variz ("Variz"), an SVSP Inmate

23 Appeals Coordinator, in retaliation for plaintiff's filing grievances and this lawsuit,[1] entered

24 false and disparaging reports in plaintiff's central prison file, which resulted in plaintiff's being

---

[1] Plaintiff also claims that Variz and defendant Gomez, another SVSP Inmate Appeals Coordinator, failed to properly process plaintiff's administrative grievances through the available stages of administrative review. Plaintiff claims this action was taken because of animosity towards plaintiff, but not in retaliation for the exercise of his constitutional rights. The failure to process the grievances does not state a constitutional claim because, as explained above, there is no constitutional right to administrative grievances in prison.

3

United States District Court
For the Northern District of California

denied consideration for parole.  Additionally, plaintiff claims that defendant Correctional Officer E. Stark ("Stark") entered a false disciplinary report in plaintiff's file in retaliation for plaintiff's threat to report Stark's "misbehavior" to Stark's supervisor.

Prisoners may not be retaliated against for exercising their right of access to the courts, which extends not only the filing of lawsuits in federal court, but also to established prison grievance procedures.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Thus, a prisoner may not be retaliated against for using such procedures.  See Rhodes, 408 F.3d at 567; Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  Accordingly, with the exception of plaintiff's allegations against Stark, which allege retaliation for plaintiff's threatening to complain to Stark's supervisor, plaintiff's above-described retaliation claims state cognizable claims for relief.

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's retaliation claims against defendants Evans, Scribner, Tucker, Moore, Wilson, Zavala, Zavala, Traynham, Dubsky, Winn, Variz, and Carrasco are cognizable.  All other claims are DISMISSED for failure to state a cognizable claim for relief.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, and a copy of this order upon: **Warden M. Evans, Chief Deputy Warden L Scribner, Associate Warden A. Tucker, Captain Moore, Captain W. Wilson, Captain Zavala, Sergeant K. Traynham, Lieutenant R. Dubsky, Correctional Counselor F. Winn**, **Inmate Appeals Coordinator T. Variz,** and **J. Carrasco** at **Salinas Valley State Prison**.  The Clerk shall also serve a copy of this order on **plaintiff** and the **California Attorney General's Office**.

3. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, including all of the medical records relating to the allegations in the

complaint.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to a defendant's motion for summary judgment may be deemed to be a consent

by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

        c.     Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

        d.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Extensions of time are not favored, though reasonable extensions will be granted. However, any motion for an extension of time must be filed no later than the deadline sought to be extended.

IT IS SO ORDERED.

DATED: October 19, 2005

_____
MAXINE M. CHESNEY
United States District Judge