**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS ROGERS,<br><br>    Plaintiff,<br><br>  v.<br><br>A. TUCKER, et al.,<br><br>    Defendants<br>_____ | No. C 05-2121 MMC (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR STAY/CONTINUANCE**<br><br>**(Docket No. 47)** |

    On May 24, 2005, plaintiff, proceeding pro se and currently incarcerated at Kern Valley State Prison, filed the above-titled civil rights action under 42 U.S.C. § 1983 against numerous officials of Salinas Valley State Prison ("SVSP"), where plaintiff was formerly housed. On October 19, 2005, having found the amended complaint stated cognizable retaliation claims against eleven individual defendants at SVSP, the Court ordered the amended complaint served and directed defendants to file a dispositive motion or, in the alternative, a notice indicating defendants are of the opinion such a motion is not warranted.

    On January 31, 2006, defendants filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground that plaintiff had failed to exhaust his administrative remedies. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003) (providing nonexhaustion claim should be raised in unenumerated Rule 12(b) motion rather than in motion for summary judgment). Plaintiff thereafter filed an opposition, as well as a request for judicial notice, and defendants filed a reply. On August 23, 2006, the Court gave plaintiff "notice of his opportunity to develop a record," see Wyatt, 315 F.3d at 1120 n.14, and afforded him an additional 21 days in which to file supplemental opposition should he so choose. On September 8, 2006, plaintiff filed a

motion for a 120-day stay under Rule 56(f) of the Federal Rules of Civil Procedure, and on September 12, 2006, defendants filed an opposition thereto.

Rule 56(f) permits a court to order a continuance of a motion for summary judgment where the party opposing summary judgment seeks to conduct further discovery. This rule, by its own terms, applies to summary judgment motions under Rule 56, not to motions to dismiss under Rule 12(b). Further, almost two years have elapsed between the court's order allowing the parties to conduct discovery (see Order of Service, filed October 19, 2005, at 6:12-14), and the filing of the instant motion for an extension; additionally, over seven months have passed since the filing of defendants' motion to dismiss, by which plaintiff was put on notice of the need for any additional discovery as to the specific issue of exhaustion, and the filing of the instant motion. Finally, plaintiff has made no particularized showing as to the discovery he seeks. Nevertheless, the Court notes that defendants' citation to Wyatt in their motion to dismiss did not provide as complete a notice as the notice subsequently provided by the Court, and plaintiff had only 21 days from the time of the Court's notice in which to file his supplemental opposition.

Accordingly, good cause appearing, plaintiff is hereby GRANTED an extension of time, to and including **sixty (60) days** from the date this order is filed, in which to file a supplemental opposition to defendants' motion. If plaintiff files a supplemental opposition, defendants **shall** file a supplemental reply within **14 days** of the date the supplemental opposition is filed.

This order terminates Docket No. 47.

IT IS SO ORDERED.

DATED: November 8, 2006

MAXINE M. CHESNEY
United States District Judge